**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| **JOHN BEASLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO. 2:11-cv-003-WTL-WGH** |
| | ) | |
| **THOMPSON/CENTER ARMS CO., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on a motion that is very curious indeed. The Defendant moves to dismiss the Plaintiff's claim as a sanction for the Plaintiff's failure to disclose an expert witness. However, as the Defendant recognizes in the motion, the Plaintiff filed a timely motion to extend the (latest–there have been several) deadline for doing so, which Magistrate Judge Hussman granted. The Plaintiff apparently did violate Local Rule 6-1 by failing to confer with defense counsel prior to filing the motion, but the fact remains that the motion was granted nonetheless, and so the Plaintiff did not fail to comply with the applicable deadline. Therefore the Court is puzzled why the Defendant would move to dismiss the case on that ground. Perhaps what the Defendant really wanted was to have its say with regard to the requested extension, which is understandable, but the proper means for doing so would have been a motion to reconsider Magistrate Judge Hussman's ruling, or perhaps a request for a status conference with Magistrate Judge Hussman to discuss the matter and the impact of the extension on other deadlines in the case.

There simply is no basis for dismissing this case as a sanction for failing to comply with

the expert disclosure deadlines, and therefore the motion to dismiss is **DENIED**.[1]

Along with the motion to dismiss, the Defendant tendered a revised case management plan that the parties asked to be entered in the event the case is not dismissed. The revised case management plan (Dkt. No. 41-2) is hereby **APPROVED**. The trial in this cause will be reset by separate order.

SO ORDERED: 06/18/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1]The Court notes that the Defendant advances another reason for dismissal in its Reply in Further Support of Defendant's Motion to Dismiss (Dkt. No. 51)–namely that the Plaintiff has now decided that experts are not needed in this case and the Defendant believes that Plaintiff cannot satisfy its burden of proof without expert testimony. This is an issue that cannot be resolved by a motion to dismiss; rather, it is an issue that should be raised in a motion for summary judgment.