UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:11-cv-3-WTL-WGH |
| ) | |
| THOMPSON/CENTER ARMS ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Defendant's motion for summary judgment (Dkt. No. 64). The motion is fully briefed, and the Court, being duly advised, rules as follows.

## I.  STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." At the summary judgment stage, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not

required to scour the record in search of evidence to defeat a motion for summary judgment."
*Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.   BACKGROUND

The facts taken in the light most favorable to the nonmovant are as follow. Plaintiff John Beasley was injured when a gun manufactured by Defendant Thompson/Center Arms Company, Inc., ("Thompson") exploded in his face. The gun – a muzzle loader, 50 caliber, Model 9313 – had been a gift from Beasley's father two or three years before the accident. The elder Beasley had acquired the muzzle loader from a friend.

The younger Beasley has been hunting since he was ten or eleven years old. At that time, Beasley took a "hunter's safety course," with the Department of Natural Resources, which covered bows, handguns, black powder, regular center fire, and muzzle loaders.

Beasley remembers that, when he received the gun from his father, it "was not corroded or beat up and in poor shape to where it look[ed] like it wouldn't be safe to shoot. It wasn't . . . rusted." Beasley testified that he doesn't know whether any prior owners changed any parts of the muzzle loader and Beasley testified that he did not disassemble the gun himself, although he did look inside the barrel to determine whether it was corroded. During the time Beasley owned the gun, neither he, his father, nor his brother replaced any parts on the muzzle loader, although Beasley did have the gun professionally cleaned once.

Beasley brings the instant action against Thompson, seeking to recover for the injuries he suffered as a result of the explosion. Thompson has moved for summary judgment.

## III.   DISCUSSION

The Indiana Products Liability Act ("IPLA") governs claims brought by a user or consumer against the manufacturer or seller of a product for physical harm caused by the

2

product. Ind. Code § 34-20-1-1. IPLA contemplates manufacturing and design defect claims, as well as failure to warn claims. *See* Ind. Code §§ 34-20-2-2; 34-20-2-3; 34-20-4-1; 34-20-4-2. Beasley does not argue that Thompson failed to warn him; the Court therefore analyzes his claim as one of manufacturing or design defect.

A plaintiff asserting a claim for a manufacturing or design defect must show, *inter alia*, that (1) the product in question was in a defective condition unreasonably dangerous to the user; and (2) the product reached the plaintiff without substantial alteration of the condition in which the defendant sold the product. Ind. Code § 34-20-2-1. Here, the remains of the gun have not been fully recovered; it is therefore impossible to reassemble the gun and analyze it for potential defects. Rather, Beasley must rely on other evidence to establish his case and, as a result, he contends that "[t]he fact that the gun exploded in and of itself establishes that it was defective." Beasley's Br. at 5, No. 71. However, even assuming that such a res ipsa loquitur-like theory is legally sound, *see Welge v. Planters Lifesavers Co.*, 17 F.3d 209, 211 (7th Cir. 1994), Beasley has not pointed to any evidence to show that the "defect" existed at the time Thompson sold the gun. To put it another way, Beasley has not designated sufficient evidence to show that the product reached Beasley as it left Thompson – that is, without substantial alteration, be it improper maintenance or affirmative modification, in the interim. *See Whitted v. General Motors Corp.*, 58 F.3d 1200, 1209 (7th Cir. 1995) ("[U]nder [IPLA] a plaintiff may use circumstantial evidence to establish that a manufacturing defect existed only when the plaintiff presents evidence by way of expert testimony, by way of negating other reasonably possible causes, or by way of some combination of the two."). Reading the evidence in the light most favorable to Beasley, he has established that, when he received the gun, it was not "corroded or beat up and in poor shape to where it look[ed] like it wouldn't be safe to shoot," nor was it "rusted." At the

3

same time, Beasley admitted that he has no knowledge of what happened to the gun before his father purchased it and he did not disassemble the muzzle loader on receipt. There is therefore an absolute silence as to the gun's life between the time Thompson sold it and Beasley acquired it.[1] From the time Beasley received the gun onward, it may be reasonable to infer from Beasley's testimony that no compromising changes were made, but no similar inference can be reasonably drawn from the veritable black hole of evidence regarding the interim time frame. As Beasley has failed to designate any evidence tending to show the defect existed when the gun left Thompson, Thompson is entitled to summary judgment.[2]

## IV. CONCLUSION

For the foregoing reasons, Thompson's motion for summary judgment is **GRANTED**.

SO ORDERED:   03/12/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[1] For reasons unknown, there is no record testimony from Steve Artisen, from whom Beasley's father acquired the gun, nor any report from the professional gun cleaners employed by Beasley.

[2] Beasley moved to strike two of Thompson's summary judgment exhibits on the ground that they were not properly authenticated under Federal Rule of Civil Procedure 56(c)(2)(a). Thompson has since corrected the error. The Court has not relied on these exhibits in its Entry, but it nevertheless finds that, given Thompson's correction, Beasley's motion should be, and is, **DENIED**. (Dkt. No. 74).